Filed 3/10/21  P. v. Munoz CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. ELIAS IVAN MUNOZ, Defendant and Appellant. | B299579 (Los Angeles County Super. Ct. No. PA055243) |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

# I.  INTRODUCTION

Defendant and appellant Elias Munoz appeals from the trial court's denial of his Senate Bill No. 1437 (Senate Bill 1437) and Penal Code section 1170.95[1] petition for resentencing.  We affirm.

# II.  PROCEDURAL BACKGROUND

In 2007, a jury convicted defendant of first degree murder (§ 187, subd. (a)) and found true the allegations that the murder was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)) and a principal used a firearm in the commission of the murder (§ 12022.53, subds. (b)–(e)).  A prior panel of this division affirmed defendant's conviction.  (*People v. Munoz* (Mar. 10, 2009, B205117) [nonpub. opn.].)

In 2015, defendant sought habeas corpus relief, contending that appellate counsel rendered ineffective assistance by failing to challenge the trial court's instructions given in response to the jury's inquiries on aider and abettor culpability for first degree murder.  A prior panel of this division agreed, and conditionally reversed defendant's first degree murder conviction as follows:  if the People did not retry defendant for first degree murder solely on an aiding and abetting theory within 60 day after the court filed the remittitur or if the People filed a written election not to retry defendant, then the trial court was to proceed as if the remittitur modified the judgment to reflect a conviction for second degree murder rather than for first degree murder and sentence defendant accordingly.  (*In re Munoz* (Dec. 30, 2015,

---

[1]    All further statutory references are to the Penal Code.

B265673 [nonpub. opn.].)  The People opted not to retry defendant and his judgment was modified to reflect a conviction for second degree murder.

On January 7, 2019, defendant filed a petition for resentencing pursuant to section 1170.95.  The Los Angeles County Public Defender's Office filed a supplemental section 1170.95 petition on defendant's behalf.[2]  The court summarily denied the petition and supplemental petition ruling that defendant was not entitled to relief as a matter of law.  The court found that the record reflected defendant "was a direct accomplice to the crime of murder and that, when he acted as an aider and abettor, he personally possessed the requisite *mens rea* for second degree murder."  Further, defendant "was *not* convicted under a theory of felony-murder of any degree or as an aider and abettor under a theory of natural and probable consequences.  [Defendant's] jury did not receive any instructions for either of those theories of murder liability."

On April 11, 2019, the Public Defender's Office filed a "Request to Issue Order to Show Cause" on defendant's behalf.[3]  The request alleged that the court improperly relied on sources

---

[2]  The trial court denied the Public Defender's request to be appointed to represent defendant.

[3]  The Public Defender's Office again requested to be appointed to represent defendant.  The record does not contain a ruling on that request.  The trial court's minute order concerning defendant's request for an order to show cause reflects that defendant was not represented by counsel, but also reflects that the trial court served that minute order on the Public Defender's Office.  Defendant does not contend on appeal that the court erred in failing to appoint counsel to represent him.

3

other than defendant's section 1170.95 petition in determining whether defendant had established a prima facie case for relief and, if other sources were properly considered, a review of all sources—i.e., the trial record—demonstrated a prima facie case for relief.

The trial court treated defendant's request for an order to show cause as a reply under section 1170.95, subdivision (c) and a request for reconsideration of its prior denial of defendant's section 1170.95 petition.  Again, the court ruled that defendant was not entitled to section 1170.95 relief as a matter of law because he was convicted as a direct accomplice to murder and his jury had not been instructed on felony murder culpability or the natural and probable consequences doctrine.

## III.   DISCUSSION

A.    *Senate Bill 1437 and Section 1170.95*

"Through section 1170.95, Senate Bill 1437 created a petitioning process by which a defendant convicted of murder under a felony murder theory of liability [or the natural and probable consequences doctrine] could petition to have his conviction vacated and be resentenced.  Section 1170.95 initially requires a court to determine whether a petitioner has made a prima facie showing that he or she falls within the provisions of the statute as set forth in subdivision (a), including that '(1) [a] complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[,]  [¶]  (2) [t]he petitioner was convicted of

4

first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[, and] [¶] (3) [t]he petitioner could not be convicted of first or second degree murder because of changes to [s]ection[s] 188 or 189 made effective January 1, 2019.' (See § 1170.95, subd. (c); *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327 . . . , review granted Mar. 18, 2020, [S260493 (*Verdugo*)].)  If it is clear from the record of conviction that the petitioner cannot establish eligibility as a matter of law, the trial court may deny the petition.  (*Verdugo,* [*supra,* 44 Cal.App.5th] at p. 330.)  If, however, a determination of eligibility requires an assessment of the evidence concerning the commission of the petitioner's offense, the trial court must appoint counsel and permit the filing of the submissions contemplated by section 1170.95.  (*Verdugo,* [*supra,* 44 Cal.App.5th] at p. 332; [*People v.*] *Lewis* [(2020)] 43 Cal.App.5th [1128,] 1140, rev[iew] granted [Mar. 18, 2020, S260598].)" (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, review granted July 22, 2020, S262835, fn. omitted (*Smith*).)

B.      *Analysis*

The jury instructions in defendant's case did not include instructions on the felony murder rule or the natural and probable consequences doctrine.  The jury received instructions only on direct aiding and abetting[4] and the elements of murder

---

[4]      The trial court delivered CALCRIM No. 400 which stated: "A person may be guilty of a crime in two ways.  One, he or she may have directly committed the crime.  Two, he or she may have aided and abetted someone else, who committed the crime.

5

with malice aforethought.[5]  "[I]f the jury was not instructed on a natural and probable consequences or felony-murder theory of

---

In these instructions, I will call that other person the 'perpetrator.'  A person is equally guilty of the crime whether he or she committed it personally or aided and abetted the perpetrator who committed it."

The court also delivered CALCRIM No. 401 which stated:

"To prove that the defendant is guilty of a crime based on aiding and abetting that crime, the People must prove that:

"1.    The perpetrator committed the crime;

"2.    The defendant knew that the perpetrator intended to commit the crime;

"3.    Before or during the commission of the crime, the defendant intended to aid and abet the perpetrator in committing the crime;

"AND

"4.    The defendant's words or conduct did in fact aid and abet the perpetrator's commission of the crime.

"Someone aids and abets a crime if he or she knows of the perpetrator's unlawful purpose and he or she specifically intends to, and does in fact, aid, facilitate, promote, encourage, or instigate the perpetrator's commission of that crime.

"If all these requirements are proved, the defendant does not need to actually have been present when the crime was committed to be guilty as an aider and abettor.

"If you conclude that defendant was present at the scene of the crime or failed to prevent the crime, you may consider that fact in determining whether the defendant was an aider and abettor.  However, the fact that a person is present at the scene of a crime or fails to prevent the crime does not, by itself, make him an aider and abettor."

[5]    The court delivered CALCRIM No. 520 which stated:
    "The defendant is charged with murder.

6

"To prove that the defendant is guilty of this crime, the People must prove that:

"1.     The defendant committed an act that caused the death of another person;

"AND

"2.     When the defendant acted, he had a state of mind called malice aforethought.

"There are two kinds of malice aforethought, express malice and implied malice.  Proof of either is sufficient to establish the state of mind required for murder.

"The defendant acted with express malice if he unlawfully intended to kill.

"The defendant acted with implied malice if:

"1.     He intentionally committed the act;

"2.     The natural consequences of the act were dangerous to human life;

"3.     At the time he acted, he knew his act was dangerous to human life;

"AND

"4.     He deliberately acted with conscious disregard for human life.

"Malice aforethought does not require hatred or ill will toward the victim.  It is a mental state that must be formed before the act that causes death is committed.  It does not require deliberation or the passage of any particular period of time.

"An act causes death if the death is the direct, natural, and probable consequence of the act and the death would not have happened without the act.  A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes.  In deciding whether a consequence is natural and probable, consider all of the circumstances established by the evidence.

"There may be more than one cause of death.  An act causes death only if it is a substantial factor in causing the death.  A substantial factor is more than a trivial or remote factor.

7

liability, the petitioner could not demonstrate eligibility as a matter of law because relief is restricted to persons convicted under one of those two theories." (*Smith, supra*, 49 Cal.App.5th at p. 92, fn. 5.)

Defendant does not contend he was convicted on a felony murder theory and concedes the jury was not instructed with CALCRIM No. 403—the natural and probable consequences instruction. Notwithstanding the absence of a natural and probable consequences instruction, however, he contends "the combination of instructions actually delivered conveyed the same message in terms of his culpability for murder, either first or second degree."[6] We disagree.

"The natural and probable consequence doctrine . . . is a theory of liability by which an aider and abettor who intends to aid a less serious crime can be convicted of a greater crime. This doctrine comes into play when 'an accomplice assists or encourages a confederate to commit one crime, and the confederate commits another, more serious crime (the nontarget

_____

However, it does not need to be the only factor that causes the death."

[6]     Defendant argues that because the trial court erred, during his trial, in instructing the jury that it could convict him of first degree murder based on the intent of the perpetrator, he is entitled to relief under section 1170.95. As we discuss above, a prior panel of this court granted defendant habeas relief based on the court's error in instructing the jury and, as a result, defendant's first degree murder conviction was reduced to one for second degree murder. Defendant fails to articulate, however, how the court's error in instructing the jury enabled it to convict him of murder under a natural and probable consequences theory of liability.

offense).' [Citation.]" (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1058, review granted Sept. 23, 2020, S263939.) Defendant does not identify any instruction or combination of instructions from which the jury might have believed that it could convict him of murder based on his intent to aid a confederate in the commission of a less serious crime and his confederate instead committed the more serious crime of murder.

Because defendant could not demonstrate eligibility for section 1170.95 relief as a matter of law, the trial court did not err in denying defendant's petition.

## IV.   DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


KIM, J.


We concur:


RUBIN, P. J.


BAKER, J.